## HERNÁNDEZ *v*. FERNÁNDEZ.

### APPEAL from the District Court of Mayagüez.

No. 553.—Decided February 2, 1911.

MORTGAGE BONDS—THIRD PARTIES.—A person cannot be deemed to be a third party for the purpose of compelling the strict enforcement of a recorded mortgage bond who, not having intervened in the making of said bond and acting only as an assignee to negotiate its collection on a commission basis, is informed of the origin and nature of said bond and of the stipulations and agreements made by the parties thereto, resulting in a modification of its terms, even though such stipulations and agreements had not been recorded in the registry.

The facts are stated in the opinion.

*Mr. Luis Méndez Vas* for appellant.

*Mr. José Ramón Freyre* for respondent.

MR. JUSTICE DEL TORO delivered the opinion of the court.

Agustín Hernández Mena brought a suit in the District Court of Mayagüez against José A. Fernández, to recover the sum of $1,200, alleging, substantially, that Fernández owed him said amount on three mortgage notes for $400 each, these notes being made by Fernández in favor of Manuel Díez, who endorsed them in favor of appellant, in the following manner: "Pay to the order of Agustín Hernández Mena, for value received. Mayagüez, P. R., June 29, 1908. Manuel Díez," and that the defendant has not paid the amount of said notes either to Manuel Díez or to the plaintiff herein.

In his answer defendant, Fernández, denies the facts alleged in the complaint, setting up as new matter that he had signed the notes referred to in the complaint to secure the payment of the account current he had with the firm of Nadal & Díez, of which Manuel Díez was managing partner, and that the sum he was owing on said account was $266.81.

The case was tried on February 7, 1910, the court taking the evidence introduced by both sides, which consisted of documents and the testimony of witnesses, and under the facts held to have been proven and upon establishing the legal conclusion that the defendant was liable only for the sum of

$266.81, the court rendered judgment on the 15th of the same month ordering that the plaintiff recover from the defendant the aforesaid sum, plus interest from June 1, 1909, the date on which the complaint was filed, and costs.

From this judgment the present appeal was taken. The parties did not appear at the hearing, but appellant filed a brief alleging that the trial court had violated the provisions of article 27 of the Mortgage Law in relation to article 144 of the same law, besides article 153 of said Mortgage Law, as well as the corresponding sections of the Regulations for the application thereof.

A careful examination into the questions raised and the evidence introduced shows that, as a matter of fact, José A. Fernández issued the notes under consideration to secure the payment of the account current he had with the firm of Nadal & Díez, of which Manuel Díez was managing partner. Díez is related to Fernández by-marriage, and had personally guaranteed Fernández's account with the firm. The notes became due on June 30, September 30, and December 30, 1907. On June 29, 1908, Manuel Díez endorsed them in favor of plaintiff, Hernández Mena, and, besides, the evidence tends to show that Hernández Mena knew perfectly the origin of the notes as well as their real value; that Hernández Mena had paid nothing for them, and that the notes were endorsed to him for collection at 50 per cent of their face value. Subsequently to the endorsement of the notes to plaintiff, Manuel Díez sent to Fernández his account current with Nadal & Díez, with a memorandum thereon, a literal copy of which reads as follows:

"DEAR DON PEPE: See if you can manage to assist us with this sum, which you appear to be owing us, so that you may take up the three notes for $400 each which you made last year in my favor to guarantee the account which you have settled, these notes at present guaranteeing only $266.81. The bad crop has us all crazy worrying about our obligations, and sometimes we feel so badly that we now ask your assistance in this manner.

"Your affectionate friend and relative,
(Signed)        "MANUEL."

Manuel Díez died and Hernández Mena then filed this action.

From the foregoing facts the conclusion is easily reached that the trial court has not committed the errors with which it is charged.

The evidence shows that defendant owed only the sum of $266.81, which sum is the only one he can in justice be forced to pay, bearing in mind also that the evidence tends to show, and that very clearly, to our mind, that when receiving the notes the plaintiff, Hernández Mena, was aware of the origin and true value of the same; that he had paid nothing for them, and that he received them at 50 per cent of their face value.

A person is deemed to be a debtor who may be compelled against his will to pay what he owes. And he ceases to be a debtor when he has in his favor a legitimate defense not contrary to natural equity. The debtor should always be given the benefit of the doubt. (Scaevola, General Principles of Civil Law, p. 92.)

*Semper in dubiis benigniora praeferenda sunt.* (*Digesto*, Book I, Title XVII, rule 56.) In cases of doubt preference should be given to what is deemed to be more equitable. *Aequitas in dubio praevalet.* In cases of doubt equity should prevail. (Scaevola, General Principles of Civil Law, p. 99.)

In view of the foregoing conclusions, the appeal should be dismissed and the judgment appealed from, affirmed.

*Affirmed.*

Justices MacLeary and Wolf concurred.

Chief Justice Hernández and Justice Aldrey did not take part in the decision of this case.